In re Petition for DISCIPLINARY AC-TION AGAINST Vincent Francis WA-TERS, a Minnesota Attorney, Registration No. 225964.

No. A12–1002.

Supreme Court of Minnesota.

July 27, 2012.

## ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Vincent Francis Waters committed professional misconduct warranting public discipline, namely: respondent failed to keep his clients reasonably informed regarding the status of their matter, negotiated a settlement without his clients' knowledge or consent, and failed to comply with his clients' reasonable requests for information, in violation of Minn. R. Prof. Conduct 1.2(a) and 1.4; respondent failed to notify his clients of receipt of settlement funds and failed to promptly pay his clients those funds for which they were entitled, in violation of Minn. R. Prof. Conduct 1.3, 1.15(b), 1.15(c)(1), and 1.15(c)(4); respondent used trust account funds without his clients' knowledge or consent to refund monies due to another client, in violation of Minn. R. Prof. Conduct 1.15, as interpreted by Appendix 1 thereto, and Rule 8.4(c); respondent made false statements and material omissions to his clients and provided them with an invoice containing false statements, all with the intent to mislead his clients, in violation of Minn. R. Prof. Conduct 8.4(c); and respondent failed to place another client's estimated costs into his trust account and misrepresented the source of the refund he made to that client, in violation of Minn. R. Prof. Conduct 1.15(a) and 8.4(c).

Respondent admits the allegations in the petition and that his conduct violated the Minnesota Rules of Professional Conduct, waives his rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and has entered into a stipulation with the Director in which they jointly recommend that the appropriate discipline is suspension from the practice of law for a minimum of 30 days. In entering into the stipulation, the Director notes that respondent provided him with evidence that respondent was experiencing health issues and was under personal stress at the time of the misconduct.

This court has independently reviewed the file and approves the jointly recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1. Respondent Vincent Francis Waters is suspended from the practice of law, effective 14 days after the filing of this order, for a minimum of 30 days;

2. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals);

3. Respondent shall pay $900 in costs and disbursements pursuant to Rule 24, RLPR;

4. Respondent shall be eligible for reinstatement to the practice of law following the expiration of the suspension period provided that, not less than 15 days before the end of the suspension period, respondent files with the Clerk of Appellate Courts and serves upon the Director an affidavit establishing that he is current in continuing legal education requirements, has complied with Rules 24 and 26, RLPR, and has complied with any other conditions for reinstatement imposed by the court; and

5. Within one year of the date of filing of this order, respondent shall file with the Clerk of Appellate Courts and serve upon the Director proof of successful completion of the professional responsibility portion of the state bar examination. Failure to timely file the required documentation shall result in automatic re-suspension, as provided in Rule 18(e)(3), RLPR.

BY THE COURT:

/s/_____

Alan C. Page
Associate Justice